Brau Ramírez, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
I
Los peticionarios, Julio Cruz Martínez e Irma Cruz, por sí y en representación de la sociedad legal de bienes gananciales constituida por ambos y de su hijo menor de edad Daniel Cruz Cruz, recurren de una resolución emitida el 30 de septiembre de 1996 por el Tribunal de Primera Instancia, Sala Superior de Caguas. Mediante el dictamen en cuestión, el Tribunal ordenó la paralización, en su totalidad, del litigio por daños y perjuicios presentado por los peticionarios contra las partes recurridas de epígrafe, en vista de que dos de los recurridos, los co-demandados Carlos Marcano Cruz Ortiz y su esposa Luz M. Santiago Sierra, se habían acogido a la protección del Tribunal Federal de Quiebras. El Tribunal denegó la solicitud de los peticionarios para desistir de la reclamación contra dichas partes.
Mediante resolución emitida el 17 de diciembre de 1996, concedimos término a la parte recurrida para que compareciera a mostrar causa por la cual no debíamos emitir el auto solicitado y revocar la resolución recurrida. El término concedido ha transcurrido.
Procedemos según lo intimado.
II
Según se desprende del recurso, el 24 de agosto de 1993, los recurridos presentaron la presente acción por daños y perjuicios ante el Tribunal de Primera Instancia contra el Estado Libre Asociado y las otras partes de epígrafe. Se alegaba en la demanda que el 24 de agosto de 1993, el peticionario Daniel Cruz Cruz, quien entonces contaba con 16 años de edad, fue agredido mientras se encontraba en la Escuela Superior Gautier Benitez de Caguas por tres compañeros de clase, los recurridos Sixto Marcano Santiago, Andrés Cruz Castro y Jesús Cruz Torres, sufriendo serios daños y lesiones físicas y emocionales. Se alegaba que la golpiza se había producido por la negligencia de los funcionarios de la escuela.
Como partes demandadas, se incluyó a los tres jóvenes mencionados y a sus padres, así como a varios funcionarios del Departamento de Educación y al Estado Libre Asociado.
Luego de otros incidentes, el 22 de julio de 1996, los recurridos Carlos Marcano Cruz Ortiz y Luz M. Santiago Sierra presentaron una solicitad de paralización de los procedimientos en su contra, informando que habían presentado una solicitud ante el Tribunal Federal de Quiebras para el Distrito de Puerto Rico. El 9 de agosto de 1996, los mencionados recurridos acompañaron la correspondiente orden de paralización emitida por el Tribunal de Quiebras al amparo de lo dispuesto bajo la legislación federal, 11 U.S.C. see. 362.
Los peticionarios reaccionaron a esta solicitud, alegando que la paralización debía producirse únicamente en cuanto a los recurridos Cruz Ortiz y Santiago Sierra y no en cuanto a las demás partes en el pleito.
*987 El 30 de septiembre de 1996, el Tribunal de Primera Instancia emitió una orden de paralización, titulada "sentencia", disponiendo la paralización total del caso. El Tribunal concluyó que los recurridos Cruz Ortiz y Santiago Sierra eran una parte indispensable, por lo que procedía la paralización total del caso.
Posteriormente, los peticionarios presentaron una moción solicitando permiso para desistir de su reclamación contra los recurridos Cruz Ortiz y Santiago Sierra, la que fue denegada por el foro de Instancia.
Insatisfechos, los peticionarios acudieron ante este Tribunal.
ni
En su recurso, los peticionarios alegan que incidió el Tribunal al disponer la paralización total de los procedimientos.
La sección 362 del Código Federal de Quiebras, 11 U.S.C. see. 362, dispone la paralización de cualquier procedimiento seguido contra un deudor para recobrar por una obligación, salvo las allí exceptuadas. Esta paralización, sin embargo, sólo beneficia al deudor, no a otras partes.
En la situación de autos, la solicitud presentada por los esposos Cruz Ortiz y Santiago Sierra ante el Tribunal de Quiebras impide la continuación de la acción contra dichas partes, no así contra ninguno otro de los co-demandados (incluyendo el hijo de éstos). Bajo nuestro ordenamiento, la responsabilidad por un acto ilícito civil es solidaria. Véase, Arroyo v. Hospital La Concepción, _ D.P.R. _ (1992), 92 J.T.S. 66, a la pág. 9,536. Ello implica que, conforme al texto expreso del art. 1097 del Código Civil, 31 L.P.R.A. see. 3108, el acreedor puede dirigir su reclamación contra cualquiera de los deudores solidarios o contra todos simultáneamente.
El Tribunal Supremo de Puerto Rico ha resuelto expresamente que la presentación de una solicitud de quiebras por un deudor no impide la presentación de una acción por el acreedor contra un codeudor solidario. Véase, Cámara Insular, etc. v. Anadón, 83 D.P.R. 374, 380-381 (1961).
En la esfera federal, distintos tribunales han concluido que la presentación de una solicitud de quiebras por uno de varios co-causantes de un daño no tiene el efecto de paralizar la acción por daños y perjuicios contra los demás. Véanse, Williford v. Armstrong World Industries, Inc., 715 F.2d 124, 126-127 (4th Cir. 1983); Wedgeworth v. Fibreboard Corp., 706 F.2d 541, 545, 546 (5th. Cir. 1983). Procede que modifiquemos el dictamen recurrido para limitar la paralización de la acción a los esposos Cruz Ortiz y Santiago.
Por los fundamentos expresados, se expide el auto y se dicta sentencia modificando la resolución recurrida a los fines de disponer que la paralización de los procedimientos se limite a la demanda contra Carlos Marcano Cruz Ortiz y su esposa Luz M. Santiago Sierra. El pleito continuará contra las demás partes. Se devuelve el caso al Tribunal de Primera Instancia para procedimientos consistentes con este dictamen.
Lo pronunció el Tribunal y lo certifica la señora Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General